David J. McGlothlin, Esq. (SBN 026059)
david@westcoastlitigation
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group, APC**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

Attorneys for Plaintiffs

# United States District Court
# District of Arizona

| | |
|---|---|
| Elisha Trujillo and Alejandro Espinoza,<br><br>Plaintiffs,<br><br>v.<br><br>Wells Fargo Bank, N.A.,<br><br>Defendant | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**Jury Trial Demanded** |

## Introduction

1. Elisha Trujillo ("Trujillo") and Alejandro Espinoza ("Espinoza") (or jointly as "Plaintiffs"), bring this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*,

132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:
> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## Jurisdiction and Venue

6. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the District of Arizona pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the County of Maricopa, State of Arizona because it is a bank doing business is in the County of Maricopa, State of Arizona and the events leading to Plaintiffs' claims occurred in the County of Maricopa, State of Arizona.

## Parties

8. Plaintiffs are, and at all times mentioned herein were, residents of the City of Scottsdale, County of Maricopa, State of Arizona.

9. Plaintiffs are, and at all times mentioned herein were, a "person" as defined by 47 U.S.C. § 153 (39).

10. Defendant is located in the State of California.

11. Defendant is, and at all times mentioned herein was a "person," as defined by

47 U.S.C. § 153 (39).

12. At all times relevant, Defendant conducted business in the State of Arizona and in the County of Maricopa, within this judicial district.

**Factual Allegations**

13. On or about May 25, 2017, Trujillo filed for a chapter 7 bankruptcy in the United States District Court, District of Arizona, case no. 2:17-bk-05871-MCW.

14. On or about September 11, 2017, Trujillo's chapter 7 bankruptcy was discharged.

15. Defendant was included as a noticed creditor in Trujillo's bankruptcy.

16. Despite being included as a noticed creditor in Trujillo's bankruptcy, Defendant proceeded to call Espinoza's cell phone ending in 9946 via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

17. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Espinoza was the sole user of the cell phone ending in 9946, while Trujillo's name is on the cell phone account.

19. Defendant called Espinoza's cell phone many times from September 2017 through October 2018 in order to try to collect on the debt that was discharged through Trujillo's bankruptcy.

20. During one of the first phone calls by Defendant to Espinoza's cell phone, Espinoza told Defendant to stop calling his cell phone.

21. Shockingly, Defendant did not stop calling Espinoza.

22. Defendant proceeded to call Espinoza's cell phone approximately 200 times after Espinoza told Defendant to stop calling.

23. When Espinoza answered Defendant's phone calls, there was often either silence, a beep, or a pause before somebody would come on the line.
24. Defendant called Espinoza using numbers that started with multiple zeros that could not be called back by Espinoza.
25. Espinoza answered some of the phone calls and the callers would identify themselves as Defendant's representatives.
26. Defendant called Espinoza up to ten times per day between September 2017 and October 2018.
27. Espinoza was diagnosed with Cancer on February 5, 2018 and was treated with chemotherapy from February 2018 through July 2018.
28. The phone calls from Defendant to Espinoza's cell phone were highly distressing while Espinoza was being treated with chemotherapy.
29. In October 2018, due to the high volume of calls that Espinoza was receiving from Defendant, Espinoza was forced to change his cell phone number.
30. Espinoza requested multiple times that Defendant stop calling Espinoza's cellular telephone.
31. Any prior consent Defendant had to call Espinoza was clearly revoked by his numerous requests for Defendant to stop calling him.
32. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).
33. The telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).
34. Espinoza did not provide Defendant or its agent(s) prior express consent to receive the calls on or about September 2017 through October 2018 to his cellular telephone, via an ATDS or an artificial or prerecorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

35. The telephone calls by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).
36. Through Defendant's actions, Plaintiffs suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.
37. Plaintiffs were personally affected because they were frustrated and distressed that despite telling Defendant to stop calling Espinoza on his cell phone, Defendant continued to harass Espinoza with calls using an ATDS.
38. Defendant's calls forced Espinoza to live without the utility of his cellular phone by forcing Espinoza to silence his cellular phones and/or block incoming numbers.

## First Cause of Action

## Negligent Violations Of The

## Telephone Consumer Protection Act (TCPA)

## 47 U.S.C. 227

39. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.
40. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.
41. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
42. Plaintiffs are also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## Second Cause of Action

## Knowing and/or Willful Of The

## Telephone Consumer Protection Act (TCPA)
## 47 U.S.C. 227

43. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Espinoza made several requests for Defendant to stop calling his cell phone.

45. Each call after Espinoza first requested Defendant stop calling his cell phone constitutes a knowing and/or willful violation of the TCPA.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

47. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## Prayer For Relief

Wherefore, Plaintiffs respectfully requests the Court grant Plaintiffs the following relief against Defendant:

## First Cause of Action for Negligent Violation of
## the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## Second Cause of Action For Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227 Et Seq.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

## Trial By Jury

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

Respectfully submitted,                                    **Kazerouni Law Group**

Date: March 7, 2019                                        By: */s/ Ryan L. McBride*
                                                           Ryan L. McBride
                                                           Attorneys for Plaintiff